El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Ayala Molina, acusado y apelante.

Núm. 6519.—*Sometido:* Abril 20, 1937. *Resuelto:* Mayo 25, 1937.

*Amador Ramírez Silva,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Ramón Ayala Molina fué convicto del delito de mutilación cometido en la persona de Ramón Irizarry Martínez, por haberle inutilizado el brazo izquierdo a éste. El acusado apeló de la sentencia así como de la resolución que declaró sin lugar una moción de nuevo juicio.

■ El Doctor Lassise declaraba sobre la naturaleza de la herida y durante el examen del testigo, Ramón Irizarry Martínez fué presentado al jurado y exhibida la herida. Se tomó excepción a esta presentación y se señaló error. Convenimos con el apelado en que este ápice de evidencia demostrativa caía muy bien dentro del desarrollo normal del caso de El Pueblo. Tan sólo cuando semejante prueba se ofrece innecesariamente con el objeto de impresionar al jurado es que la corte debe vacilar en tolerarla. La herida en sí, su situación y naturaleza eran apropiadas para la consideración del jurado. El caso de *El Pueblo* v. *Quintana,* 50 D.P.R. 63, citado por el apelante no le favorece. La corte en el presente caso tuvo cuidado en advertir al jurado que no debía dejarse impresionar meramente por las heridas y que el jurado solamente debía considerarlas en relación con la explicación técnica y anatómica del doctor. Wigmore, sección 1152, *et seq.*

■■ El segundo señalamiento se refiere a la negativa de la corte a admitir prueba tendente a impugnar la veracidad del perjudicado. El testimonio excluído se refería a manifestaciones hechas por él que resultaban inconsistentes con su declaración ante la corte. No se sentó base mediante el examen del perjudicado respecto a las supuestas manifestaciones inconsistentes, conforme exige el artículo 245 del Código de Enjuiciamiento Criminal (1902), y no hallamos que

se cometiera error. El apelante admite esto, pero trata de sostener que las manifestaciones del perjudicado participaban de la naturaleza de una confesión o admisión. Confesiones y admisiones proceden de un acusado y no de un perjudicado. Por tanto, la única objeción posible era la que hemos discutido.

■■ Resolvemos que no hubo error al admitir, como prueba de refutación, el almanaque de Bristol que es localmente bien conocido. El apelante admite que puede acudirse a libros y obras científicas bien conocidos, y el almanaque de Bristol es suficiente para probar las fases de la luna, como en el presente caso. La corte puede tomar conocimiento judicial de las fases de la luna. Underhill Criminal Evidence, sección 54, pág. 64. Incumbía al apelante demostrar que este hecho científico era distinto.

El cuarto señalamiento se refiere a la apreciación de la prueba hecha por la corte inferior. Fué el jurado el que aquilató la prueba en este caso y el error no ha sido bien señalado. Hubo suficiente prueba en que basar un veredicto.

Convenimos con el apelado en que no hubo error en las instrucciones y en que no se hicieron objeciones específicas.

La moción de nuevo juicio fué debidamente declarada sin lugar a discreción de la corte, toda vez que ella no comprendía ningún error hasta ahora no discutido.

*La sentencia y resolución apeladas deben ser confirmadas.*